# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------------------x

In re:

                                                 Case No.

      Ralph Costagliola

                                                 Chapter 11

                                  Debtor

----------------------------------------------------------------------x

## AFFIDAVIT PURSUANT TO LOCAL RULE 1007-4

State of New York   )
County of Richmond:) Ss

Ralph Costagliola, being duly sworn, deposes and says:

I am the Debtor and make this Affidavit pursuant to Local Rule 1007-4 to provide relevant information regarding the Debtor's affairs.

      1.     The debtor is neither a small business debtor within the meaning of Bankruptcy Code § 101(51D); nor a single asset real estate debtor within the meaning of Bankruptcy Code §

      2.     I am a practicing Oral and Maxillofacial Surgeon, since 1991. This chapter 11 case has been filed to bring closure to my residual liabilities derived from my ill-fated co-ownership of a Motorcycle dealership in Staten Island in 2007 under theam Staten Island Power Sports LLC.. In conjunction with that dealership, I guaranteed an SBA loan which was collateralized by a mortgage on the building. When the property was sold, the proceeds were paid to New Millennium Bank, the SBA lender, however over the passage of time, the deficiency balance has continued to grow. Enforcement proceedings on the New Millennium judgment resulted in the sale of my personal residence in Staten Island and the sale of my Pennsylvania vacation home. Collateral damage was an acrimonious divorce.

      3.     In conjunction with that Motorcycle business, I had borrowed funds from my then-brother-in-law, Michael Morrone. Mr. Morrone brought suit to recover the loan, enforced his judgment, in part, by a sale of my Florida property and, on November 13, 2020 obtained an Order of Supreme Court, Kings County for appointment of Alan Drezin, Esq. as Temporary Receiver of my interests in Ralph Thomas Costagliola, DDS, PC and in D.R.S. Associates, LLC (the owner of 71 Todt Hill Road, Staten Island, N.Y. from which I conduct my oral surgery practice).

      4.     The Receiver has retained Douglas Rosenberg of BPC Management Corp who has been controlling the banking and finances for my oral surgery practice, pursuant to the

Receivership Order.

5.      During the course of the Receivership proceeding, New Millennium Bank successfully moved to intervene in the Receivership proceeding. The Order granting that motion is presently on appeal to the Appellate Division, Second Department.

6.      I presently own a 60% interest of that LLC. Peggy Garjian and Paul Tarantola each own a 20% interest in the LLC. This is a two-story building. I operate my practice from three suites on the lower level. Garjian and Tarantola each operate from separate suits on the upper level, and there is one empty suite on that level.

7.      Garjian and Tarantola are interested in selling their interests in the LLC. I have identified two medical doctors (Richard Fazio and Vahe Shahnazarian) interested in purchasing a 50% interest in the building, so they can operate their practice on the second level. I have made an agreement with them to sell a 10% interest, which would leave me with a 50% interest in the building, thus enabling me to continue my oral surgery practice and preserving my extensive capital investment in the lower level's design and equipment.

8.      In February of 2021, I retained Corash & Hollender, P.C. open negotiations with the Receiver's counsel, to implement the above referenced sale. Intensive and extensive negotiations ensued, both with Receiver's counsel and with counsel for the prospective purchasers, to craft a solution which would be less extreme than a chapter 11 filing. Although I was able to craft an understanding with the purchasers (and we have already submitted a joint mortgage application to Citibank to effectuate the sale and provide a fund for payment of my creditors), the negotiations with the Receiver have broken down. Although the sale transaction I negotiated with Drs. Fazio and Shahnazarian were for a value of $1,720,000, the Receiver has proposed contract with an alternative purchaser for only $1,500,000. Furthermore, while my transaction would allow me to continue ownership of half of the building (while contributing half of the proposed $1,000,000 loan to the Receiver to pay receivership expenses and the two creditors in the Receivership proceedings), the sale to the Receiver's purchaser would strip me of ownership. Furthermore, the Receiver's condition was that he apply for commissions based upon "recovery" of $1,720,000, rather than upon my actual sale of only a 10% interest in the property for $172,000.

9.      The aggressive enforcement actions of both judgment creditors, and well as the resulting divorce proceedings have physically, emotionally and financially drained me, and have impacted the revenues of my surgery practice. Likewise, Covid-19 has also reduced my business revenues, resulting in a substantial payroll tax liability for which I am personally liable, which is not included in the Receivership proceeding

10.      The purpose of this chapter 11 filing is to place all my liabilities before a single Court, and to propose a Plan of Reorganization which will solve all my financial problems, while restoring me to control of my business and energizing me to pursue my chosen professional

career. I anticipate a sale of half of the building to Drs. Fazio and Shahnazarian, and obtaining a loan against my half of the equity in the building to fund full payment of my tax liabilities and a pro-rata distribution of the balance to pay all other creditors based upon their allowed claims.

11.     This case was not originally commenced under chapter 7, 12 or 13.

12.     No committee was organized prior to the Order for relief herein.

13.     The 20 largest general unsecured creditors (excluding insiders) are as follows:

Name: New Millienium Bank
Address: 57 Livingston Avenue New Brunswick, NJ 08901
Phone: 732-446-2800
Person familiar with Debtor's account: Attorney Jennifer Marcus
Amount of Claim: $566,941.31
is the claim contingent? NO
Is the claim unliquidated? NO
Is the claim disputed? NO
Is the claim partially secured? NO

Name: Michael Morrone
Address: 2527 Cropsey Avenue Brooklyn, NY 11214
Phone: (516) 364-7455
Person familiar with Debtor's account: Attorney Richard Greene
Amount of Claim: $233,824.21
is the claim contingent? NO
Is the claim unliquidated? NO
Is the claim disputed? NO
Is the claim partially secured? NO

Name: Internal Revenue Service
Address: P.O. Box 7346 Philadelphia, PA19101-7346
Phone:
Person familiar with Debtor's account:
Amount of Claim: $201,525.11
is the claim contingent? NO
Is the claim unliquidated? NO
Is the claim disputed? Yes
Is the claim partially secured? NO

Name: Patricia A Carpenter
Address: 407 Middlesex Avenue Colonia, NJ 07067
Phone: 718-816-6767

Person familiar with Debtor's account: Attorney Robert Schacht
Amount of Claim: $141,576.92
is the claim contingent? NO
Is the claim unliquidated? NO
Is the claim disputed? NO
Is the claim partially secured? NO

Name: Citibank
Address: P.O. Box 6217 Sioux Falls, SD 57117
Phone: (800) 950-5114
Person familiar with Debtor's account:
Amount of Claim: $38,842.00
is the claim contingent? NO
Is the claim unliquidated? NO
Is the claim disputed? NO
Is the claim partially secured? NO

Name: Dr. Alexander Gekht
Address: 1705 Broadway Hewlett, NY 11557
Phone: 212-696-4848
Person familiar with Debtor's account: Attorney Ryan Lawler
Amount of Claim: $24,000
is the claim contingent? NO
Is the claim unliquidated? NO
Is the claim disputed? NO
Is the claim partially secured? NO

Name: Capital One
Address: P.O. Box 30285
Phone: (800) 227-4825
Person familiar with Debtor's account:
Amount of Claim: $9,262.00
is the claim contingent? NO
Is the claim unliquidated? NO
Is the claim disputed? NO
Is the claim partially secured? NO

Name: Internal Revenue Service
Address:P.O. Box 7346 Philadelphia, PA19101-7346
Phone:
Person familiar with Debtor's account:
Amount of Claim: $3,204.00
is the claim contingent? NO

Is the claim unliquidated? NO
Is the claim disputed? YES
Is the claim partially secured? NO


Name: Barclays Bank Delaware
Address: PO Box 8801 Wilmington, DE 19899
Phone: (302) 255-8888
Person familiar with Debtor's account:
Amount of Claim: $1,628.00
is the claim contingent? NO
Is the claim unliquidated? NO
Is the claim disputed? NO
Is the claim partially secured? NO

Name: Chase Card Services
Address: P.O. Box 15298 Wilmington DE 19850
Phone: (800) 432-3117
Person familiar with Debtor's account:
Amount of Claim: $1,525.00
is the claim contingent? NO
Is the claim unliquidated? NO
Is the claim disputed? NO
Is the claim partially secured? NO

Name: Alan Drezin
Address: 84 Livingston Street Brooklyn, NY 11201
Phone: (718) 624-5553
Person familiar with Debtor's account: Alan Drezin
Amount of Claim: Unknown
is the claim contingent? NO
Is the claim unliquidated? YES
Is the claim disputed? NO
Is the claim partially secured? NO

Name: Jaguar Financial Group
Address: PO Box 78058 Phoenix, AZ 85062-8050
Phone: 866-931-3327
Person familiar with Debtor's account:
Amount of Claim: $ 0.00
is the claim contingent? YES
Is the claim unliquidated? NO

Is the claim disputed? NO
Is the claim partially secured? NO


Name: Paul Tarantola
Address: 1098 Bedford Road Pleasantville, NY 10570
Phone: 914-793-0288
Person familiar with Debtor's account: Attorney Marianne Manning Russo
Amount of Claim: 0.00
is the claim contingent? NO
Is the claim unliquidated? NO
Is the claim disputed? NO
Is the claim partially secured? NO

Name: Peggy Ann Garjian
Address: 312 Ocean Terrace Staten Island, NY 10301
Phone: (718) 273-8324
Person familiar with Debtor's account: Attorney John Marangos
Amount of Claim: $0.00
is the claim contingent? NO
Is the claim unliquidated? NO
Is the claim disputed? NO
Is the claim partially secured? NO

Name: Thomas Costagliola
Address: 168 Jefferson Blvd Staten Island, NY 10305
Phone:
Person familiar with Debtor's account:
Amount of Claim: Unknown
is the claim contingent? NO
Is the claim unliquidated? NO
Is the claim disputed? NO
Is the claim partially secured? NO


      14.    There are no secured creditors

      15.    The Debtor's assets and liabilities are summarized as follows:

Non-Exempt Assets per schedules, filed herewith
      Ralph Thomas Costagliola DDS PC      0
      D.R.S. ASSOCIATES LLC (60%)    $984,000

Priority Unsecured Liabilities
    Taxes                                    $201,525

General Unsecured Liabilities
    Credit card debt                  $51,999
    Other business related debts   $1,021,033

16.    The assets of Ralph T. Costagliola, DDS, P.C and the assets of D.R.S. Associates, LLC are in possession of Alan Drezin, Esq, Court-Appointed Receiver in action entitled Michael Morrone and Lorimer Properties, LLC, v. Ralph T. Costagliola, Supreme Court, Kings County Index No. 23248/2011. The attorney for the Receiver is, Wenig Saltiel LLP (718) 797-5700. **A copy of the Order of Appointment dated November 13, 2020, is annexed**.

17.    The debtor operates his oral surgery practice under the name Ralph Thomas Costagliola, DDS, P.C. from the ground floor of 71 Todt Hill Road, Staten Island, N.Y. The building is owned by D.R.S. Associates, LLC, of which the Debtor is a 60% owner.

18.    The debtor's personal books and records are located at his residence. The debtor's business books and records are located at his business office and with the Managing agent of Receiver Alan Drezin, namely, Douglas Rosenberg, BPC Management Corp, 80 Livingston Street, Brooklyn, N.Y. 11201 718-852-1616 ext 450 ; the debtor holds no assets outside the territorial limits of the United States.

19.    The nature and present status of each action or proceeding, pending or threatened, against the debtor or its property where a judgment against the debtor or a seizure of its property may be imminent is as follows: see paragraph 16, above

20.    The names of the debtor's existing senior management, their tenure with the debtor, and a summary of their relevant responsibilities and experience is as follows: The debtor is an individual does not conduct any business in his personal name.

21.    The estimated amount of the weekly payroll to employees (exclusive of officers, directors, stockholders, partners and members) for the 30-day period following the filing of the chapter 11 petition: none.

22.    The amount paid and proposed to be paid for services for the 30-day period following the filing of the chapter 11 petition: The Debtor will continue to receive his current salary from Ralph Thomas Costgliola, DDS PC.

23.    The Debtor has not retained a business consultant,

24.    For the 30-day period following the filing of the chapter 11 petition, the following

schedules show the estimated cash receipts and disbursements, net cash gain or loss, obligations and receivables expected to accrue but remaining unpaid, other than professional fees, and other information relevant to an understanding of the foregoing:

Projected Monthly Income:

| | |
|---|---|
| **Projected Monthly Income per sch I** | $14,609.34 |
| **Projected expenses per sch J** | $9,342.40 |
| ***Projected profit*** | **$5,266.94** |

      25.    Bank account: Investors Bank, personal checking account.

Ralph Costagliola

Sworn to before me
this 4 day of October, 2021
2 TH SEPTEMBER

Notary Public

BRIAN PALMA
NOTARY PUBLIC-STATE OF NEW YORK
No. 01PA6279809
Qualified in Richmond County
My Commission Expires April 15, 2025

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
--------------------------------------------x     Index#: 0023248/2011
MICHAEL MORRONE and LORIMER PROPERTIES,
LLC.,

                              Plaintiffs,

                                                  NOTICE OF ENTRY

     -against-

RALPH T. COSTAGLIOLA and JANE
COSTAGLIOLA,

                              Defendants.
--------------------------------------------x

S I R S :

     **PLEASE TAKE NOTICE**, that the within is a copy of the Order
Appointing A Receiver signed by the Hon. Lawrence Knipel, J.S.C.
on November 13, 2020, entered in the office of the Clerk of the
County of Kings on November 16, 2020.


Dated:      Woodbury, New York
            December 5, 2020

                                   Yours etc

                                   RICHARD M. GREENE, P.C.
                                   Attorney for Plaintiff
                                   180 Froehlich Farm Boulevard
                                   Woodbury, New York 11797
                                   (516) 364-7455


To:  Keith Casella, Esq
     Law Office of Keith M. Casella, P.C.
     Attorney for Ralph T. Costagliola
     1200 South Avenue, Suite 201
     Staten Island, New York 10314

John Z. Marangos, Esq.
Attorney for non-party Peggy Ann Garjian
1134a Hylan Blvd.
Staten Island, New York 10305

Manning & Russo, LLC
Marianne Manning Russo, Esq.
Attorney for non-party Paul Tarantola
65 Pondfield Rd.,
Bronxville, New York, 10708

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
----------------------------------------x     Index No. 0023248/2011
MICHAEL MORRONE and LORIMER PROPERTIES,
LLC.,

                            Plaintiffs,        ORDER APPOINTING A
                                               RECEIVER

        -against-


RALPH T. COSTAGLIOLA and JANE
COSTAGLIOLA,

                            Defendants.
----------------------------------------x

        The plaintiffs having made application by Order to Show Cause,
for an order, pursuant to CPLR §5228, appointing a receiver of
Defendant's interests in RALPH THOMAS COSTAGLIOLA, DDS, P.C. and
D.R.S. ASSOCIATES LLC, and any and all successor entities through
which Defendant conducts his practice as an oral surgeon and holds
title to the building located at 71 Todt Hill Road, Staten Island,
New York, with the power to administer and collect Defendant's
distributions from the Companies, as well as the power to sell
Defendant's interests in the Companies in satisfaction of the
judgment of this Court, entered against the Defendant in favor of
Plaintiffs, dated March 9, 2015, and for such other and further
relief as this Court may deem just and appropriate, and the parties
having entered into a STIPULATION RESOLVING ORDER TO SHOW CAUSE TO
APPOINT A RECEIVER "SO ORDERED" by the Hon. Lawrence Knipel, J.S.C.
on September 17, 2019 and filed with the Kings County Clerk on
September 18, 2019 ("SO ORDERED STIPULATION"), and counsel for the
Plaintiffs having submitted an affirmation dated March 10, 2020
pursuant to the terms of the SO ORDERED STIPULATION,

        IT IS HEREBY ORDERED that Alan Drezin 84 Livingston St
is appointed as the Receiver, without bond, of Defendant's
interests in RALPH THOMAS COSTAGLIOLA, DDS, P.C. and D.R.S.
ASSOCIATES LLC, and any and all successor entities through which
Defendant conducts his practice as an oral surgeon and holds title
to the Real Property located at 71 Todt Hill Road, Staten Island,
New York, with the full powers of an equity receiver for such
entities and interests (hereinafter, the "Receivership Entities")
and their assets are collectively referred to herein as "the
Receiver Estate". The assets of the Receiver Estate are defined to
include the following: all real and personal property held in the
name of any of the Receivership Entities, all contract rights of

the Receivership Entities, all patient lists and equipment of the Receivership Entities, all legal and equitable claims of any of the Receivership Entities, all banking, brokerage and depository accounts of any of the Receivership Entities, all accounts receivables of the Receivership Entities, electronic currency accounts of any of the Receivership Entities, and all Internet payment processor accounts of any of the Receivership Entities.

No person holding or claiming any position of any sort with the Receivership Entities or Receiver Estate shall possess any authority to act by or on behalf of any of the Receivership Entities or Receiver Estate, except as authorized by the Receiver. All persons, including but not limited to the Defendant, the Receivership Entities and their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, who receive notice of this Order, are enjoined from in any way interfering with the operation of the Receivership or in any way disturbing or disposing of the assets of the Receiver Estate and from filing or prosecuting any actions or proceedings which involve the Receiver or which affect the Receiver Estate, except with the prior permission of this Court.

**IT IS FURTHER ORDERED** that all persons, including but not limited to the Defendant, the Receivership Entities and their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, who receive notice of this Order are enjoined from destroying any and all documents and records (electronic or other) of the Receivership Entities and Receiver Estate.

**IT IS FURTHER ORDERED** that the Receiver shall have and possess all powers and rights of an equity receiver to administer and manage the Receiver Estate in a commercially reasonable manner, with the intent to maximize the value of the Receiver Estate, including, but not limited to the power and authority to:

A. take custody, control and possession of all records, assets, finds, personal property, vehicles, bank accounts, brokerage accounts, real property premises and other materials of any kind in the possession of or under the direct or indirect control of the Receiver Estate or the Receivership Entities and, until further order of this Court;

B. manage, control operate and maintain the Receiver Estate, to use income, earnings, rents and profits of the Receiver Estate, with full power to sue for, collect, recover, receive and take into possession all goods, chattels, rights, credits, effects, lands, books and records of accounts and other documents, data and

materials;

C. conduct the business operations of the Receivership Entities, including the purchase and/or sale of real or personal property or inventory, the continuation and termination of any contract, employment arrangement and all other aspects of any active business operation ;

D. make such ordinary and necessary payments, distributions, and disbursements as he deems advisable or proper for the marshaling, maintenance or preservation of the Receiver Estate;

E. terminate business operations and to sell, rent, lease or otherwise hypothecate or dispose of the assets of the Receiver Estate;

F. contact and negotiate with any creditors of the Receivership Entities for the purpose of compromising or settling any claim, including the surrender of assets to secured creditors;

G. have control of, receive and collect any and all sums of money due or owing to the Receivership Entities whether the same are now due or shall hereafter become due and payable, and incur such expenses and make such disbursements as are necessary and proper for the collection, preservation, maintenance, administration and operation of the Receiver Estate ;

H. renew, cancel, terminate, or otherwise adjust any pending lease agreements to which the Receivership Entities are a party;

I. institute, defend, compromise or adjust such actions or proceedings in state or federal courts now pending and hereafter instituted, as may in his discretion be advisable or proper for the protection and administration of the Receivership Estate;

J. institute such actions or proceedings to disgorge assets of the Receiver Estate held by third parties, impose a constructive trust, obtain possession and/or recover judgment with respect to persons or entities who received assets or funds;

K. open bank accounts or other depository accounts, in the name of the Receiver on behalf of the Receiver Estate;

L. prepare any and all tax returns and related documents regarding the assets and operation of the Receiver Estate;

M. take any action which could be taken by the officers, directors, managers, members, partners, trustees or other principals of the

Receiver Estate, including without limitation the hiring and firing of staff including other licenced medical professionals;

N. abandon any asset that, in the exercise of his reasonable business judgment, will not provide benefit or value to the Receiver Estate; and

O. take such other action as may be approved by this Court.

**IT IS FURTHER ORDERED** that the Receiver shall perform an accounting of all inventory, merchandise, products, assets or things of value in the possession, custody, or control of the Receivership Entities (collectively, the "Inventory"), perform a valuation of the Inventory, and ensure that any liquidation, sale or disposition of the inventory takes place in a commercially reasonable manner so as to maximize the vale of the Receiver Estate.

**IT IS FURTHER ORDERED** that all persons, including but not limited to the Defendant, the Receivership Entities, their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, who receive actual notice of this Order, shall cooperate with the Receiver and the other professionals working with him in the administration of the Receiver Estate, including, but not limited to, the immediate delivery to the Receiver of the following:

A. all assets and other materials of the Receiver Estate in the possession or under their control, as well as the name and contact information of any person who has knowledge of the nature or location of assets or other materials belonging to the Receiver Estate;

B. business records of any kind (including legal files), whether in hard copy or electronic format, including e-mail files and accounts, customer files, accounting and financial records, bank records, brokerage records, and other depository records;

C. insurance policies regarding any assets or persons that are in any way affiliated with the Receiver Estate, along with other information regarding insurance coverage or the absence thereof;

D. computers and computer files, including e-mail files, along with all passwords for such files, that belong to or are under the control of Defendant, the Receiver Entities and their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them or that in any way relate to the assets or the operation of the Receiver Estate;

E. passwords and other identifying information regarding all computer or on-line files, banking or brokerage accounts and/or any other assets of any of Defendant and the Receivership Entities or under their direct or indirect control, specifically including but not limited to, passwords for Internet or electronic access banking, brokerage and other on-line accounts;

F. keys, security cards, parking cards and other access codes for premises, vehicles, safety deposit boxes or accounts or assets under the direct or indirect control of the Receivership Entities;

G. such other information related to the Receiver Estate as the Receiver and those working with him reasonably request.

**IT IS FURTHER ORDERED** that any bank, brokerage firm, mutual fund or other financial institution or any other person, partnership, corporation or other entity maintaining or having custody or control of any brokerage or depository accounts or other assets of the Receiver Estate and the Receivership Entities, who receives actual notice of this Order, shall:

A. freeze such accounts, funds or assets;

B. turn over to the Receiver control of all such accounts, funds, cash and securities;

C. within twenty-one (21) business days of receipt of such notice, file with the Court and serve on the Receiver a certified statement setting forth, with respect to each such account or other assets, the balance in the account or the description of the assets as of the close of business on the date of the receipt of the notice;

D. promptly cooperate with the Receiver to determine whether and to what extent any accounts, finds or other assets are actually assets or proceeds of assets of the Receiver Estate;

E. provide to the Receiver records of such funds, accounts and assets and tender said funds and/or the assets to the Receiver.

To the extent that there are assets or accounts about which a determination of ownership cannot be made, they shall be turned over to the Receiver to be held in escrow pending a determination of the ownership of such assets. The Receiver is authorized to provide notice of the entry of this Order to any governmental agency, person or other entity he deems appropriate. Actual notice may be accomplished by delivery of a copy of this Order by hand, U.S. mail, courier service, facsimile, by e-mail or by any other reasonable means of delivery.

**IT IS FURTHER ORDERED** that the Receiver is hereby authorized to make appropriate notification to the United States Postal Service to forward delivery of any mail addressed to any of the Receivership Entities, to any Post Office box or other mail depository, or to himself. Further, the Receiver is hereby authorized to open and inspect all such mail, to determine the location or identity of assets or the existence and amount of claims.

**IT IS FURTHER ORDERED** that the Receiver may investigate any matters he deems appropriate in connection with discovering additional information as it relates to the activities of the Receiver Estate. In connection with any such investigation, the Receiver is authorized to:

A. compel, including by subpoena, the appearance and testimony of all persons, including persons and the production of the originals of any records and materials, of any sort whatsoever, within the possession, custody or control of any person; and

B. order consumer and credit reports that he deems necessary and appropriate as a part of his pursuit of additional Receiver Estate assets.

**IT IS FURTHER ORDERED** that the Receiver is hereby directed to file with this Court and serve upon the parties, within 90 days after entry of this order, a preliminary report setting out the identity, location and value of the Receiver Estate, and any liabilities pertaining thereto.

**IT IS FURTHER ORDERED** that absent express permission and leave by this Court, all creditors and other persons seeking money damages or other relief from the Receiver Estate and all others acting on behalf of any such creditors and other persons, including sheriffs, marshals, and all officers and deputies, and their respective attorneys, servants, agents and employees, are, until further order of this Court, hereby stayed. Further, all persons having notice of this Order, including creditors and others seeking money damages or other relief from the Receiver Estate, and all others acting on behalf of any such creditors and other persons, including sheriffs, marshals, and all officers and deputies, and their respective attorneys, servants, agents and employees, are restrained from doing anything to interfere with the Receiver's performance of his duties and the administration of the Receiver Estate. Accordingly, all such persons are enjoined from filing or prosecuting any actions or proceedings which involve the Receiver or which affect the Receivership Estate.

**IT IS FURTHER ORDERED** that the Receiver is authorized to communicate with all such persons as he deems appropriate to inform them of the status of this matter and the financial condition of the Receiver Estate. The Receiver is also hereby authorized to employ such employees, accountants, consultants, attorneys and other professionals, including employees of his own professional firm, as are necessary and proper for the administration of the Receiver Estate and the performance of his duties as set forth herein. The Receiver shall seek and obtain the approval of this Court prior to disbursement of professional fees and expenses to himself, his firm or his counsel, by presentation of a written application therefore. All costs incurred by the Receiver shall be paid from the Receivership Estate. Upon notice to all parties in this case, the Receiver may submit a proposed order regarding an administrative process for the approval and payment of professional fees and expenses consistent with this provision.

**IT IS FURTHER ORDERED** that the Receiver is authorized to remove any person from any premises or real estate that is owned or controlled by one of the Receivership Entities or that is otherwise part of the Receiver Estate. The Receiver shall keep the Court and counsel for Defendant apprised at reasonable intervals of developments concerning the operation of the receivership.

**IT IS FURTHER ORDERED** that the Receiver shall promptly notify the Court of any failure or apparent failure of the Defendant, the Receivership Entities, and their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, to comply in any way with the terms of this order.

**IT IS FURTHER ORDERED** that except for an act of gross negligence or intentional misconduct, the Receiver and all persons engaged or employed by him shall not be liable for any loss or damage incurred by any person or entity by reason of any act performed or omitted to be performed by the Receiver or those engaged or employed by him in connection with the discharge of their duties and responsibilities in connection with the receivership.

**IT IS FURTHER ORDERED** that the assets of the Receiver Estate and the Receivership Entities be, and are hereby frozen. The freeze shall include but not be limited to those funds located in any bank accounts of the Receivership Entities, including any offshore or overseas bank accounts. Until further order of this Court, the Defendant, Receivership Entities, their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, except any trustee, receiver or special

fiscal agent appointed by this Court be, and hereby are, restrained from, directly and indirectly, transferring, changing, selling, pledging, assigning, liquidating or otherwise disposing of or withdrawing any assets and property owned by, controlled by, or in the possession of the Defendant or the Receivership Entities.

IT IS FURTHER ORDERED that any notice, written or otherwise, to be provided by any party shall be effected and sent by electronic mail. The Receiver and counsel for the parties shall provide each other with their respective email addresses.

IT IS FURTHER ORDERED that this Court shall retain jurisdiction of this action for all purposes. The Receiver is hereby authorized, empowered and directed to apply to this Court, with notice to the parties attorneys for issuance of such other orders as may be necessary and appropriate in order to carry out the mandate of this Court.

IT IS FURTHER ORDERED that the Receivership Entities shall pay the costs, fees and expenses of the Receiver in connection with the performance of his duties described in this Order, including the costs and expenses of those persons who may be engaged or employed by the Receiver to assist him in carrying out his duties and obligations. All applications for costs, fees and expenses for services rendered in connection with the receivership other than routine and necessary business expenses in conducting the receivership, such as salaries, rent and any and all other reasonable operating expenses, shall be made by application setting forth in reasonable detail the nature of the services and shall be heard by the Court.

IT IS FURTHER ORDERED that this order will remain in effect until modified by further order of this Court.

Dated: 11/13/20 , 2020

HON. LAWRENCE KNIPEL, J.S.C.

Justice Lawrence Knipel

2020 NOV 16 PM 1: 55
KINGS COUNTY CLERK
FILED

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------x      Index No. 0023248/2011
MICHAEL MORRONE and LORIMER PROPERTIES,
LLC.,

                          Plaintiffs,        AFFIDAVIT OF SERVICE

        -against-

RALPH T. COSTAGLIOLA and JANE
COSTAGLIOLA,

                          Defendants.
-------------------------------------x
STATE OF NEW YORK      )
                       ) SS.:
COUNTY OF NASSAU       )

        RICHARD M. GREENE, being duly sworn, deposes and says:

        I am not a party to this action, am over the 18 years of age
with my office in Woodbury, New York.

        On August 20, 2020, I served the within ORDER APPOINTING A
RECEIVER WITH NOTICE OF SETTLEMENT upon:

                    Keith Casella, Esq
            Law Office of Keith M. Casella, P.C.
                1200 South Avenue, Suite 201
                Staten Island, New York 10314

by Priority Express (overnight) Mail, by depositing a true copy of
same, enclosed in a post-paid properly addressed wrapper, in an
official depository under the exclusive care and custody of the
United States Post Office within the State of New York.

                                      _____
                                      RICHARD M.  GREENE

Sworn to before me this
20th day of August, 2020.

_____
(Notary Public)

        Shannon Northrop
Notary Public State of New York
    Commission No.: 01NO6109303
      Qualified in Suffolk County
Commission Expires May 30, 20)ʲ(

# USPS Tracking®

FAQs >

## Track Another Package +

**Track Packages Anytime, Anywhere**

Get the free Informed Delivery® feature to receive automated notifications on your packages

**Learn More**

(https://reg.usps.com/xsell?app=UspsT ols&ref=homepageBanner&appURL=https%3A%2F%2Finformeddelivery.usps.com/box/pages/intro

**UNITED STATES POSTAL SERVICE.**

**Tracking Number: EE181722560US**

**Scheduled Delivery by**

# FRIDAY

# 21

AUGUST
2020 ⓘ

by

**3:00pm** ⓘ

## ✓ Delivered

August 21, 2020 at 1:07 pm
Delivered
STATEN ISLAND, NY 10314

**Get Updates** ∨

---

HUNTINGTON STATION
888 E JERICHO TPKE
HUNTINGTON STATION, NY 11746-7530
(800)275-8777

08/20/2020                           02:38 PM
-------------------------------------------
·Product                Qty    Unit    Price
                                Price
PM Exp 1-Day             1              $26.35
Flat Rate Env
    Staten Island, NY  10314
    Flat Rate
    Signature Waiver
    Scheduled Delivery Day
    Friday 08/21/2020 03:00 PM
    Money Back Guarantee
    USPS Tracking #
    EE181722560US
PM Exp Insurance                       $0.00
    Up to $100.00 included
Total                                  $26.35
-------------------------------------------
Grand Total :                          $26.35
-------------------------------------------

-------------------------------------------
Debit Card Remit'd                     $26.35
    Card Name:MasterCard

---

**Text & Email Updates** ∨

---

**Proof of Delivery** ∨

---

**Tracking History** ∨

---

**Product Information** ∨

---

Index No. 0023248/2011

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

---

MICHAEL MORRONE and LORIMER PROPERTIES,
LLC.,

                              Plaintiffs,

     -against-

RALPH T. COSTAGLIOLA and JANE
COSTAGLIOLA,

                              Defendants.

---

ORDER APPOINTING A RECEIVER
WITH NOTICE OF SETTLEMENT

---

Certification pursuant to 22 NYCRR 130-1.1-a

RICHARD M. GREENE, P.C.
Attorney for Plaintiffs
180 Froehlich Farm Boulevard
Woodbury, New York 11797
(516) 364-7455

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
----------------------------------------x     Index No. 0023248/2011
MICHAEL MORRONE and LORIMER PROPERTIES,
LLC.,

                      Plaintiffs,      NOTICE OF SETTLEMENT

    -against-

RALPH T. COSTAGLIOLA and JANE
COSTAGLIOLA,

                      Defendants.
----------------------------------------x


      PLEASE TAKE NOTICE that the annexed Proposed **ORDER APPOINTING
A RECEIVER** of which the within is a true copy, will be presented
for signature to the **HON. LAWRENCE KNIPEL, J.S.C.**, Supreme Court,
Kings County, 360 Adams Street, Brooklyn, New York 11201, on August
27, 2020.

Dated: August 20, 2020



                    Yours, etc.

                    RICHARD M. GREENE, P.C.
                    Attorney for Plaintiffs
                    180 Froehlich Farm Blvd.
                    Woodbury, New York 11797
                    516-364-7455



TO: Keith M. Casella, P.C.
    Attorney for Defendant
    Ralph T. Costagliola
    1200 South Avenue, Suite 201
    Staten Island, New York 10314

Index No. 0023248/2011

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

MICHAEL MORRONE and LORIMER PROPERTIES,
LLC.,

Plaintiffs,

-against-

RALPH T. COSTAGLIOLA and JANE
COSTAGLIOLA,

Defendants.

ORDER APPOINTING A RECEIVER
WITH NOTICE OF ENTRY

Certification pursuant to 22 NYCRR 130-1.1-a

RICHARD M. GREENE, P.C.
Attorney for Plaintiffs
180 Froehlich Farm Boulevard
Woodbury, New York 11797
(516) 364-7455