CORASH & HOLLENDER, P.C.
PAUL HOLLENDER, ESQ.
BEATA GADEK, ESQ.
1200 South Avenue, Suite 201
The Corporate Park of Staten Island
Staten Island, New York, 10301
Telephone: (718) 442-4424
Facsimile: (718) 273-4847

Proposed Attorneys for Debtor

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------x
In re:                                               CHAPTER 11

                                                     Case No.  1-21-42417-ess
RALPH COSTAGLIOLA,


                    Debtor.
---------------------------------x

TO THE HONORABLE ELIZABETH S. STONG
US BANKRUPTCY JUDGE:

## APPLICATION FOR AUTHORITY TO RETAIN ATTORNEYS

The application of Ralph Costagliola, ("Applicant"), the above-named Debtor and Debtor-in-Possession, respectfully shows:

1. On September 27, 2021 the Debtor filed in this Court a Petition, under Chapter 11 of the Bankruptcy Code, to effect a reorganization of his financial status and particularly of his debts owing to his creditors.

2. Applicant intends to obtain turnover of his property from a Receiver appointed by Supreme Court Kings, County to enforce a judgment, and thereafter to continue to operate and manage his Oral Surgery practice pursuant to Section 1108 of the Bankruptcy Code. In addition, Debtor intends to sell a portion of his interest in an LLC from which he operates his Oral Surgery

practice (in conjunction with other co-owners who own the remaining 40% interest in the LLC) enabling an identified new co-owner to acquire a 50% interest in the building, and to refinance the mortgage on that property to raise funds to pay his creditors through a Plan of Reorganization to be filed herein. A joint mortgage application for that purpose has heretofore been submitted to Citibank to fund the sale and the Plan of Reorganization to be filed herein.

### Jurisdiction and Venue

3. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§157 and 1334. Consideration of this Application is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A).

4. Venue is proper in this district pursuant to 28 U.S.C. §§1408 and 1409.

5. The statutory predicates for the relief requested herein are Bankruptcy Code §§105(a), 327 and 328.

### Background

6. This is a personal Chapter 11 bankruptcy case. The petition was filed to prevent an impending Receiver's sale of the property from which Debtor has operated his Oral Surgery practice in Staten Island for approximately 20 years. On November 13, 2020, Alan Drezin, Esq. was appointed Temporary Receiver of the Debtor's interest in his Oral Surgery PC and of his 60% LLC interest in a professional building from which he operates his Oral Surgery practice. The creditor obtaining appointment of the Receiver, Michael Morrone, has a partially unsatisfied judgment derived from a debt related to Debtor's co-ownership, many years ago, of a failed motorcycle dealership. Mr. Morrone is the brother of Debtor's ex-wife. Concerted efforts by Debtor and this firm to resolve the Receivership have failed, and the Receiver, upon information and belief, has signed a contract to sell the building to a third-party.

### Relief Requested

7. Pursuant to Sections 327(a) and 328(a) of the Bankruptcy Code and Bankruptcy Rule 2014(a) the Debtor requests that the Court approve the retention of Corash & Hollender, P.C. as bankruptcy counsel for the Debtor.

### Effective Date

8. Inasmuch as the within application is being submitted shortly after the filing of the case, request is made that this application be granted, authorizing the Firm's retention, effective *nunc pro tunc* from the date of filing of the petition.

### Services to be Provided

9. Applicant, as such Debtor and Debtor-in-possession, respectfully submits that it is necessary that counsel be retained in its behalf in this proceeding, effective from the date of submission of this application to the Court for the following purposes:

   a. To give Applicant legal advice with respect to its powers and duties, as Debtor and Debtor-in-Possession, in the continued operation of its business and management of its property.

   b. To take all necessary steps to enjoin and stay creditors who have already instituted, or who are about to institute suits against Applicant.

   c. To negotiate with Applicant's creditors in working out a plan of reorganization or liquidation and to take necessary legal steps to consummate such plan, including, if need be, negotiations to finance said plan.

   d. To prepare, in Applicant's behalf, both as Debtor and as Debtor-in-possession, necessary petitions, answers, applications, orders, reports and other necessary legal papers.

   e. To appear before the Bankruptcy Judge, and to protect Applicant's interests, as Debtor and Debtor-in-possession before said Judge, and to represent Applicant in all matters before said Judge.

   f. To assist Applicant in working out an arrangement with the Director of Internal Revenue, and other tax agencies which may file claims in this

    proceeding.

 g. To represent Applicant before various administrative agencies, Federal, State and City, having jurisdiction over Applicant's business activities.

 h. To assist the Debtor-in-possession in negotiations with creditors, potential asset purchasers and other interested parties, and in disposition of any assets, to enable Debtor to successfully conclude this Chapter 11 case, and to perform all other legal services for Applicant, as Debtor and Debtor-in-possession, as may be necessary herein.

### Reasons for Retention of the Firm

10. Applicant knows the law firm, CORASH & HOLLENDER, P.C., and knows that they are experienced in reorganization and bankruptcy proceedings, and in proceedings before administrative agencies; Applicant has full confidence in the ability of these attorneys to handle all phases of this reorganization proceeding.

11. To the best of Applicant's knowledge, said firm represents no interests adverse to this estate in the matter upon which they are about to be engaged, except as stated in the annexed affirmation of PAUL HOLLENDER.

12. Applicant desires to retain said firm of attorneys because, of its expertise in bankruptcy law and related fields necessary to prosecute the within case.

### Notice

13. Notice of this Application has been provided to the Office of the United States Trustee. The Debtor submits that under the circumstances, no other or further notice be given.

### Memorandum of Law

14. Because this Application presents no novel issue of law, it is requested that the requirement for a Memorandum of Law be waived.

**WHEREFORE**, the Debtor prays that he be authorized to employ and retain the firm of CORASH & HOLLENDER, P.C., to represent him as Debtor and Debtor-in-possession in this

proceeding under Chapter 11 of the Bankruptcy Code, effective as of the filing of the petition herein, and that it have such other and further relief as to this Court may seem just.

Dated: Staten Island, New York
September 30, 2021

                                      Debtor and Debtor-in-Possession

                                      By:_____/s/_____
                                           Ralph Costagliola

                                      Corash & Hollender, P.C.
                                      Proposed Attorneys for Applicant

                                      By:_____/s/_____
                                           Paul Hollender, Esq.
                                           1200 South Avenue, Suite 201
                                           The Corporate Park of Staten Island
                                           Staten Island, New York 10314
                                           (718) 442-4424

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------x
In re:

                                CHAPTER 11

RALPH COSTAGLIOLA,              Case No. 1-21-42417-ess

                    Debtor.
-------------------------------x

## AFFIRMATION OF PAUL HOLLENDER IN SUPPORT OF
## DEBTOR'S APPLICATION TO RETAIN CORASH & HOLLENDER AS COUNSEL

PAUL HOLLENDER, ESQ., an attorney admitted to practice before the Courts of the State of New York affirms under penalty of perjury:

1.      I am a principal in the law firm of CORASH & HOLLENDER, P.C. of 1200 South Avenue, Suite 201, Staten Island, New York 10314.

2.      The undersigned is the attorney who will bear primary responsibility for the representation whose authority is sought herein.

### Bankruptcy Experience

3.      The undersigned has read and is generally familiar with: (i) The Bankruptcy Reform Act of 1978 as amended; (ii) the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (11 U.S.C.), with current amendments; (iii) The Federal Rules of Bankruptcy Procedure; and (iv) The Local Rules of the United States Bankruptcy Court for the Eastern District of New York.

4.      The firm of CORASH & HOLLENDER, P.C. is competent to represent the interests of the entity on whose behalf representation is now sought in all proceedings now pending or which may reasonably be expected to be pending in this Court in the foreseeable future.

5. PAUL HOLLENDER, ESQ., a Partner in the firm, has been practicing Bankruptcy law since 1977, is certified by the American Board of Certification in both Consumer Bankruptcy Law and Business Bankruptcy Law since 1993 and has served for six years as a member of the Board of Directors of the certifying organization. BEATA GADEK, ESQ., also of counsel with the firm, has been practicing Bankruptcy law since 2012. Both Attorneys have represented Debtors in Chapter 11 cases throughout this period.

### Professional Fees and Expenses

6. The foregoing services are to be billed at our firm's current billing rates in effect at the time of rendering services. The present rates are: $475 per hour for Partners, $425 per hour for Associates and Of Counsel Attorneys and $175 per hour for Paralegals. Prior to the original Application herein the undersigned has received a $2,500.00 retainer for alternative solution of Debtor's financial issues from the Debtor. The undersigned has also received a bankruptcy retainer of $15,300.93 from the Debtor and $20,000.00 from Debtor's father Thomas Costagliola, all of which was applied to pre-petition Chapter 11 services. As of the filing date the amount $18,662.93 was left of that total pre-petition Chapter 11 retainer. In addition, the firm received $1,738 for the filing fee from the Debtor. The firm has been paid in full for all pre-petition services rendered to the Debtor as of the Petition Date.

7. In addition, the firm will bill for actual and necessary expenses including, copies, postage, on-line computer research, transportation, business meals, couriers, witness fees and other fees related to trials or hearings in these proceedings.

8. The firm intends to apply to the Court for allowance of compensation for professional services and reimbursement of expenses incurred in this case in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Orders and Local Rules of this Court.

9. The firm has agreed to accept as compensation from the debtor such sums as may

be allowed by the Court on the basis of the professional time spent, the rates charged for such services, the necessity of such services to the administration of the estate, the reasonableness of the time within which such services were performed in relation to the results achieved, and the complexity, importance, and nature of the problems, issues, or tasks addressed in this case.

### Disinterestedness

10.     The firm has undertaken a detailed search of its client database to determine and disclose whether it represents or has represented any significant creditors or insiders of the debtor, and has located none. The firm has determined that no conflict of interest exists with regard to the Debtor. The undersigned and this firm are disinterested as that term is defined in 11 U.S.C. 101(14).

11.     Neither I, nor any member of my firm, now has, nor ever had, any connection with the above-mentioned Debtor and Debtor-in-Possession, its creditors, or any other party in interest herein or their respective attorneys, with the exception of prepetition services rendered to the Debtor. In particular, I was retained by Dr. Costagliola in February 2021 with regard to a possible chapter 11 filing due to the appointment of Receiver, in a Supreme Court, Kings County based upon a judgment obtained by Creditor Michael Morrone against Dr. Costagliola, personally. As an alternative to filing a chapter 11 petition, I negotiated with the Receiver's attorney with the objective of resolving the Receivership by a sale of a 10% interest in the medical building from which he conducts his oral surgery practice. This sale was to be joined by a sale by two other 20% owners of their respective interests. The purchaser of the 50% interest then collaborated with Dr. Costagliola to obtain a joint loan against the building: the new owners' share was to be applied against the purchase price; Costagliola's share was to be used to pay the Receiver's costs and expenses and the judgment underlying the Receivership. Matters became more complicated when a second creditor, New Millennium Bank, moved to intervene in

the Receivership. Ultimately, negotiations with the Receiver led to a stalemate, precipitating the within filing. The purpose of this chapter 11 case is to deal with all the Debtor's Creditors, rather than only two, and to minimize administration costs. The Firm rendered 95.30 hours of non-bankruptcy prepetition services for the Debtor. The total amount paid over a period of seven months for that non-bankruptcy legal services was $44,857.50. My firm has been paid in full for all pre-petition services rendered to the Debtor and has no adverse interest to the Estate.

12.     Neither I, nor any member of my firm, represents any interest adverse to the Debtor and Debtor-in-Possession, or to this estate, in the matters upon which this firm is to be engaged herein.

Dated: Staten Island, New York
       October 19, 2021

                                                                   /s/
                                               PAUL HOLLENDER

**PROPOSED ORDER**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------x
In re:

CHAPTER 11

RALPH COSTAGLIOLA,

Case No. 1-21-42417-ess

Debtor.

----------------------------------x

**ORDER FOR RETENTION OF ATTORNEYS FOR DEBTOR
AND DEBTOR-IN-POSSESSION**

UPON reading and filing the annexed application of Ralph Costagliola, the above-named Debtor and Debtor-in-Possession, the affirmation of PAUL HOLLENDER, ESQ., and it appearing to my satisfaction that the firm of CORASH & HOLLENDER, P.C. represents no interests adverse to this estate, and that their employment as such attorneys would be in the best interests of this estate; it is

**ORDERED**, that Ralph Costagliola, the above-named Debtor and Debtor-in-Possession, be, and it hereby is, authorized and empowered to retain the law firm of CORASH & HOLLENDER, P.C., of 1200 South Avenue, Suite 201, Staten Island, New York, 10314, pursuant to 11 U.S.C. §327(a) and Bankruptcy Rule 2014, to represent it in the within proceeding under Chapter 11 of the Bankruptcy Code, effective the Petition Date; and it is further

**ORDERED** that pursuant to 11 U.S.C. § 327 (a), CORASH & HOLLENDER, P.C., shall be entitled to be paid by the Debtor only upon appropriate application to the Court, notice and hearing pursuant to 11 U.S.C. Sections 330 and 331 of the Bankruptcy Code; and it is further

**ORDERED**, that ten business days' notice must be provided by CORASH & HOLLENDER, P.C. to the Debtor, any Official Committee of Unsecured Creditors and the United States Trustee prior to any increases in CORASH & HOLLENDER, P.C.'s rates for any

individual providing services to the Debtor, and such notice must be filed with the Court. The United States Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to Section 330 of the Bankruptcy Code.

No Objection:

_____
Office of the United States Trustee